IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 08 2022
BY_____ ARTHUR JOHNSTON
                              DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:22 CR 18-HTW-LGI

ROGER LEE TOWNES
a/k/a Roger Towns
a/k/a Roger Townsend

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(1)(A)
18 U.S.C. § 922(g)(1)

**The Grand Jury charges:**

COUNT 1

That on or about December 3, 2021, in Simpson County in the Northern Division of the Southern District of Mississippi, the defendant, **ROGER LEE TOWNES a/ka Roger Towns a/k/a Roger Townsend,** in connection with the acquisition or attempted acquisition of a firearm from Darrel Grubbs d/b/a Big D's Pawn & Gun, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Darrel Grubbs d/b/a Big D's Pawn & Gun, which statement was intended and likely to deceive Darrel Grubbs d/b/a Big D's Pawn & Gun as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he had never been adjudicated as a mental defective or had never been committed to a mental institution when answering block 21.f. on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendant then knew that he had previously been committed to a mental institution, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT 2

That on or about December 3, 2021, in Simpson County in the Northern Division of the Southern District of Mississippi, the defendant, **ROGER LEE TOWNES a/ka Roger Towns a/k/a Roger Townsend,** knowingly made a false statement and representation to Darrel Grubbs

d/b/a Big D's Pawn & Gun, an entity licensed under the provisions of Title 18, United States Code, Chapter 44 with respect to information required by the provisions of Title 18, United States Code, Chapter 44 to be kept in the records of Darrel Grubbs d/b/a Big D's Pawn & Gun, in that the defendant represented that he had never been adjudicated as a mental defective or had never been committed to a mental institution when answering block 21.f. on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendant then knew that he had previously been committed to a mental institution, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT 3

That on or about December 3, 2021 in Simpson County in the Northern Division of the Southern District of Mississippi, the defendant, **ROGER LEE TOWNES a/ka Roger Towns a/k/a Roger Townsend**, knowing he had previously been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant, **ROGER LEE TOWNES a/ka Roger Towns a/k/a Roger Townsend**, shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offense(s).

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offense alleged in this indictment:

2

    A. One (1) Taurus model G3 9mm caliber pistol bearing serial number ABG676467; and
    B. Any ammunition seized.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 924(d); and Title 28, United States Code, Section 2461(c).

DARREN J. LAMARCA
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the _8th_ day of February 2022.

UNITED STATES MAGISTRATE JUDGE